LARRY BAMESBERGER, IN PERSON AND FOR ALL PERSONS SIMILARLY SITUATED, APPELLANT, V. MICHAEL L. ALBERT ET AL., APPELLEES.

420 N.W.2d 289

Filed March 11, 1988.   No. 86-514.

Dalton Tietjen and Ray Simon of Tietjen, Simon & Boyle, for appellant.

John E. North and Randal M. Limbeck of McGrath, North, O'Malley & Kratz, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Plaintiff-appellant, Larry Bamesberger, a former joint county-state social services worker, brought a class action to recover funds contributed to his retirement plan by Douglas County. The defendants-appellees in the case are Douglas County commissioners, in their private and official capacities.

Bamesberger appeals dismissal of the action by the Douglas County District Court after the defendants' several demurrers were sustained for failure to state a cause of action. We affirm the dismissal of the case.

When considering a demurrer, this court accepts as true all the facts pled, together with the proper and reasonable

inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Bard v. Cox Cable of Omaha, Inc.*, 226 Neb. 880, 416 N.W.2d 4 (1987); *Knoell v. Huff*, 224 Neb. 90, 395 N.W.2d 749 (1986); *Abboud v. Lakeview, Inc.*, 223 Neb. 568, 391 N.W.2d 575 (1986).

Before July 1, 1983, Larry Bamesberger was employed jointly as a social services worker by the State of Nebraska and Douglas County. On July 1, 1983, Bamesberger, along with other joint county-state social services workers in Douglas County, was transferred to the exclusive employment of the state, pursuant to Neb. Rev. Stat. § 68-718 (Reissue 1986), which states in part:

> All . . . personnel utilized by the county divisions or boards of public welfare for the administration of public assistance programs shall be transferred . . . to the Department of Social Services. The transferred employees shall not lose any accrued benefits or status due to the transfer and shall receive the same benefits as other state employees, including participation in the State Employees Retirement Fund.

Prior to his transfer, Bamesberger had participated in Douglas County's employee retirement plan. Upon transfer of the employees to the state, the retirement plan was amended to give each employee two options: (1) An employee could leave his accumulated funds in the retirement plan and receive full benefits, including the benefits from funds contributed by Douglas County, upon retirement; or (2) an employee could withdraw his/her contributions together with interest and forfeit the county's contributions.

Bamesberger elected to withdraw his contributions to the county retirement plan upon his employment's being transferred to the state. He then requested that he be given the funds contributed by Douglas County to his retirement plan. That request was denied, and this suit followed.

Bamesberger's petition alleged violation of that part of § 68-718 which provides that "transferred employees shall not lose any accrued benefits or status due to the transfer . . . ." The defendants' demurrer was sustained because

> Plaintiffs' Petition . . . does not allege any specific

contract or pension provision which entitled Plaintiffs to a benefit that has been denied to them as a result of their transfer to employment by the State of Nebraska. Furthermore, the Petition is absent any allegation . . . that the Douglas County Retirement Plan permitted a withdrawal of both the employee and the employer contribution.

A first amended petition, containing no substantive changes, was filed. Defendants' demurrer was again sustained. Plaintiff's second amended petition contained few changes, but did include a third cause of action based upon unjust enrichment. The court's reasons for sustaining the demurrer were not altered.

In this court, Bamesberger continues to assert that the county's refusal to give him Douglas County's retirement plan contributions made on his behalf constitutes a loss of benefits in violation of § 68-718. We disagree.

The record shows that had he remained a joint county-state employee, Bamesberger's contributions of money would have stayed in the retirement plan until he retired or terminated his employment. In the event Bamesberger terminated his county-state employment, he would have been permitted to withdraw only his contributions to the plan together with interest thereon. The county's contributions would have been forfeited. As a joint employee, Bamesberger would never have been entitled to receive the county's retirement plan contributions in a lump sum. He cannot now claim that his inability to obtain the county's contribution in a lump sum is a loss of benefit.

In order to have stated a cause of action for breach of contract, Bamesberger must have first alleged that his employment contract gave him the right to the county's retirement plan contributions *before* his employment was transferred solely to the state. Only then could he claim that his inability to obtain those contributions was a breach of his contract with the county. This he could not do. The retirement plan has always specifically provided that *any* employee who withdraws his or her contributions prior to retirement forfeits the county's contributions regardless of the reason for the

withdrawal.

Bamesberger never had a right to receive any benefits of Douglas County's contribution to his retirement plan before he retired. He voluntarily gave up the right to any benefits provided by Douglas County when he withdrew his own contributions to the plan. None of his causes of action have merit, because Bamesberger sustained no loss of benefits.

The district court's orders sustaining the defendants' demurrers and the court's dismissal of the case were correct and are affirmed.

AFFIRMED.